EDWARD CHANG, Appellant, *v.* PLANNING COMMISSION
OF THE COUNTY OF MAUI, and MAKENA SURF, an
Oregon partnership, Appellees

NO. 8365

CIVIL NO. 4949

MARCH 31, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ., AND
RETIRED JUSTICES OGATA AND MENOR
ASSIGNED BY REASON OF VACANCIES

OPINION OF THE COURT BY LUM, J.

Appellant Edward Chang, a resident of Makena, Maui, brings this appeal to contest the granting of a special management area ("SMA") use permit to appellee Makena Surf, Ltd. ("Makena Surf") by co-appellee the Maui County Planning Commission ("planning commission") pursuant to HRS chapter 205A, Hawaii's Coastal Zone Management Act,[1] thereby facilitating Makena Surf's con-

---

[1] Since 1975, development in Hawaii's shoreline areas has been controlled directly by HRS chapter 205-A and more particularly by county rules and regulations pertaining to the issuance of use permits for projects in special management areas as designated by the counties. *See generally* D. Mandelker, Environmental and Land Controls Legislation chapter VI (1976); D. Mandelker & A. Kolis, Whither Hawaii? Land Use Management in an Island State, 1 U. Hawaii L. Rev. 48 (1979). No development may proceed in a special management area without an SMA use permit, HRS § 205A-28 (1976 & Supp. 1981), § 205A-29(b) (Supp. 1981), and no use permit may issue unless the proposed development complies with the SMA guidelines,

struction of a 184-unit condominium development in the vicinity of Poolenalena Beach, Makena. As in his appeal before the second circuit court, appellant here complains of numerous procedural and substantive irregularities in the review and approval of the permit application. Only a few of appellant's contentions merit our attention, however, and we have confined ourselves to determining whether appellant was properly notified of the planning commission hearing on Makena Surf's application, and whether the commission's subsequent closed deliberations comported with statutory, charter and rule provisions governing public agency meetings. Finding both charter and rule violations but no reversible error, we sustain the lower court's affirmance of the planning commission's decision granting the SMA use permit.

I.

Makena Surf submitted its application for an SMA use permit to the planning commission on December 11, 1979. The commission scheduled a hearing on the application for February 26, 1980, which was later reset for March 11, 1980. Notice of the rescheduled hearing was published in the Maui News and Honolulu Advertiser on February 6, 1980.[2] A separate notice of the March 11 hearing, entitled "Notice of Special Management Area Hearing," appeared in the Maui News on February 8, 1980, and in the Honolulu Advertiser on the following day. This announcement identified the subject

---

objectives, policies and procedures set forth in HRS chapter 205A and corresponding county rules formulated as part of a unified management program to protect and preserve the natural resources of Hawaii's coastal zone.

[2] A "Notice of Public Hearing" announcing the hearing as originally scheduled for February 26 was published in the Maui News and Honolulu Advertiser on January 28, 1980. Both this and the "Notice of Rescheduled Public Hearings" printed on February 6 advised readers that a public hearing was to be held on Makena Surf's SMA use permit application, that information pertaining to the application was available for review at the county planning department, and that testimony could be presented either in person at the hearing or in writing to the planning department. The latter notice listed two SMA use permit requests which were to be considered, one of which was Makena Surf's, while the former mentioned only Makena Surf's application as the subject of the public hearing.

of the permit application, gave the date, time and place of the hearing, mentioned that information relating to Makena Surf's application was available for public inspection at the county planning department, and advised that "[a]ny person seeking to be admitted as a party must do so at least fifteen (15) days prior to said hearing and comply with the provisions of Article I, Part II, Section 1-13 of the Maui Planning Commission rules."[3] The notice additionally recited that the hearings would be held under the authority of HRS chapters 205A and 91 and specified Maui Planning Commission Rules and Regulations.

As an adjoining landowner, appellant received a "Notice of Special Management Area Hearing" from Makena Surf by certified mail on or about February 13, 1980, as required by Planning Commission Rule 2-11.3.f. Virtually identical to that described above, this notice additionally informed its recipient that any party could be represented by counsel. Makena Surf also enclosed a letter notifying appellant of a "public hearing" on the permit application set for March 11, describing the proposed development and informing appellant that testimony pertaining to the application could be submitted in advance to the planning commission or in person at the hearing.

On February 26, 1980, appellant wrote to the planning director seeking party status at the March 11 hearing.[4] Representatives of the planning department and corporation counsel met with appellant on March 6 to discuss his request. They attempted to review with appellant the commission procedures for intervention and advised him to seek the services of an attorney. Appellant apparently responded to the suggestion by stating that he did not plan to use a lawyer at the hearing and that he felt he did better without one.

Appellant attended the March 11 hearing, but because the commission lacked a quorum for the matter of Makena Surf's application, the hearing on the permit request was postponed until April 8,

---

[3] Planning Commission Rule 1-13 describes procedures for intervention in proceedings before the county planning commission generally.

[4] The planning director, in his reply of March 17, 1980 requesting additional information from appellant, enclosed a copy of the planning commission's rules pertaining to intervention in commission proceedings.

1980. Notice of the new hearing date appeared in the Maui News and Honolulu Advertiser on March 24, 1980. Entitled "Notice of Rescheduled Special Management Area Hearing," the newspaper column again described the application's subject, noted that the hearing was to be governed by HRS chapters 205A and 91, and advised that project information was open for public inspection. Appellant also received an agenda of the April 8 meeting in the mail on or about April 4.

The planning commission granted appellant's request for inter-venor status at the commencement of the April 8 hearing, which appellant attended. The first portion of the hearing was devoted to the receipt of evidence and testimony of witnesses representing the planning department and Makena Surf, both parties to the hearing. Appellant, not represented by an attorney, was given the opportunity to cross-examine each witness, to object to evidence introduced, to present testimony on his behalf, and to make a closing statement. Aside from questioning Makena Surf's project representative, however, appellant declined to exercise any of his rights as a party. The planning commission then received the written and oral testimony of twenty-five persons in the audience, as agreed to by all parties in a pre-hearing conference.

Following closed deliberations, the planning commission issued its Findings of Fact, Conclusions of Law, Decision and Orders on May 15, 1980, in which it approved Makena Surf's SMA use permit application subject to Makena Surf's compliance with enumerated conditions. Appellant, now represented by counsel, filed a motion for reconsideration on June 17, 1980, seeking to have the planning commission vacate its order granting the SMA use permit for the commission's alleged failure to comply with the federal Coastal Zone Management Act, the Hawaii Revised Statutes, and the planning commission rules relative to notice and conduct of the permit application hearing and to the substantive requirements for permit issuance.[5] The commission denied appellant's motion, and appellant

---

[5] On August 1, 1980, appellant petitioned the planning commission for a declaratory ruling that the effective date of Makena Surf's SMA use permit was automatically stayed by the filing of the motion for reconsideration, or, in the alternative, for the stay of the SMA use permit's effective date should said stay not be deemed automatic. The commission denied appellant's petition and motion on September 23, 1980.

sought review of the denial in circuit court. Appellant also filed a motion to remand the case to the planning commission for the taking of additional evidence pursuant to HRS § 91-14(e) and for the commission's written reasons for its denial of appellant's motion, as required by Planning Commission Rule 1-33. The circuit court disagreed with virtually all of appellant's contentions, and issued an order granting in part and denying in part appellant's motion to remand.[6] As this action disposed of the merits of appellant's earlier appeal by stipulation of the parties, appellant now approaches this court to challenge the correctness of the circuit court's ruling.[7]

## II.

At the outset we observe the Makena Surf's SMA use permit application proceeding was a "contested case" within the meaning of HRS chapter 91, the Hawaii Administrative Procedure Act ("HAPA"), as the parties' legal rights and duties "are required by law to be determined after an opportunity for agency hearing." HRS § 91-1(5) (1976); Planning Commission Rule 2-11.3.h; *see City of Coronado v. California Coastal Zone Conservation Commission*, 69 Cal. App.3d 570, 138 Cal. Rptr. 241 (1977); *Town v. Land Use Commission*, 55 Haw. 538, 524 P.2d 84 (1974). The state Coastal Zone Management Act and corresponding planning commission rules specifically make HRS § 91-9 and planning commission contested case procedures applicable to proceedings on SMA use permit applications in Maui County. *See* HRS § 205A-29(a); Planning Commission Rule 2-11.3.f, .g, .h; 1-4.4; 1-14 to 1-33. This appeal is thus governed by HRS § 91-14 (1976 & Supp. 1981) which provides for judicial review

---

[6] The circuit court judge dismissed all of appellant's allegations of error with respect to the application's hearing and approval processes, except the charge that the planning commission had violated Planning Commission Rule 1-33 by failing to provide written reasons for its decision to deny appellant's motion for reconsideration. The court remanded the case to the commission, requiring it to provide said reasons in writing, but appellant later orally withdrew his claim of the rule violation with the court's approval.

[7] On August 17, 1981, appellant filed a motion for injunction and for advancement on the calendar. The court, by order dated December 9, 1981, decided to consider the motion contemporaneously with the merits of this appeal.

of contested cases and authorizes this court to reverse or modify the planning commission's order "if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are: (1) In violation of constitutional or statutory provisions; or . . . (2) Made upon unlawful procedure; or . . . (3) Affected by other error of law."

## III.

Appellant first charges that appellees failed to provide formal notice of the April 8 hearing within the twenty-five and thirty-day time limits prescribed by the applicable statutes and planning commission rules. As appellant had received notice by publication and certified mail of the March 11 hearing in accordance with the law, and on three later occasions was notified by appellees of the changed hearing date, the issue presented is whether appellees were required to provide these subsequent notices of the rescheduled hearing within the time constraints applicable to notice of the hearing as originally scheduled.

HRS § 205A-29(a) (1976 & Supp. 1981) requires the appropriate county authority to establish rules pursuant to HRS chapter 91 pertaining to SMA use permit application procedures. It directs that provision be made for adequate notice of hearings on permit applications to individuals whose property rights may be affected, and states that the authority shall publish notice once in a newspaper of general statewide circulation at least twenty days prior to the hearing.

Planning Commission Rule 2-11.3.g, promulgated in response to the above statutory mandate, requires the Maui County Planning Director to publish notice of hearings on SMA use permit applications once each in newspapers of statewide and countywide circulation not less than thirty calendar days prior to the hearing. In addition, Rule 2-11.3.f directs SMA use permit applicants to provide such notice by certified mail to all owners of property situated within five hundred feet of the project situs not less than twenty-five calendar days prior to the hearing date. Both notices must describe the

nature of the proposed action, state the time and place of the hearing, and provide other information as required by HRS chapters 91 and 92.[8]

Neither HRS § 205A-29, HRS chapter 91 and 92, nor the planning commission rules require that notice of a meeting rescheduled for a later date be provided within the thirty or twenty-five day limits imposed on the original notice. Nor do we find justification to abrogate well-established canons of statutory construction by reading such a requirement into the laws despite their unambiguous language, *see In re Tax Appeal of Hawaiian Telephone Company*, 61 Haw. 572, 577-78, 608 P.2d 383, 387 (1980); *In re Spencer*, 60 Haw. 497, 499, 591 P.2d 611, 613 (1979), where to do so is mandated neither by the purposes behind the notice provisions nor by requirements of due process in the circumstances of this case.

The notice and hearing requirements of Hawaii's Coastal Zone Management Act, HRS chapter 205A, were devised to assure a "[f]ull and effective opportunity for public involvement in the [SMA] use permit system," which the legislature deemed both necessary and desirable in the decision-making processes affecting Hawaii's coastal zone. House Stand. Comm. Rep. No. 679, 8th Haw. Leg., 1st Sess., *reprinted in* House Journal 1271, 1272 (1975); Senate Stand. Comm. Rep. No. 143, 8th Haw. Leg., 1st Sess., *reprinted in* Senate Journal 916, 917 (1975). Appellant has neither alleged nor otherwise established, however, that his opportunity for full and effective participation was in any way prejudiced by his failure to receive notice of the rescheduling within the above time limits. No showing was made that appellant lacked ample opportunity prior to the March 11 hearing, of which timely notice was given, to prepare his case. Appellant attended the March 11 proceeding, at which time

---

[8] HRS chapter 92, entitled "Public Agency Meetings and Records," contains notice requirements in § 92-7 which apply independently of those in HRS § 91-9 and govern announcements of regular, special or rescheduled board meetings. As we find herein, however, Part I of HRS chapter 92, dealing specifically with board meetings and including § 92-7, does not apply to the Maui County Planning Commission in its exercise of adjudicatory functions governed by HRS § 91-8 and § 91-9. *See* HRS § 92-6(a)(2). The requirements of HRS § 92-7 were therefore applicable to the planning commission hearing in question only to the extent that the commission intended to hold a "public hearing" in addition to a contested case hearing.

he heard oral announcement of the changed date. He subsequently received written notice of the same from the March 24 newspaper announcement and the meeting agenda sent him, and in fact attended and participated in the April 8 hearing without requesting a postponement.

In short, while notice of a rescheduling complying with the time provisions of HRS § 205A-29 and the planning commission rules may be warranted in certain instances to prevent hardship or unfair surprise, as where the subject matter changes for the later hearing, it was clearly not required here where appellant had received notice of the schedule change at the earliest possible date and suffered no prejudice to his participation rights. *Cf. Moskovitz v. City of St. Paul,* 218 Minn. 543, 16 N.W.2d 745 (1944) (no due process violation by postponing meeting four days since plaintiff attended both proceedings and failed to request continuance, and where hearing's subject matter remained identical). We thus turn to consider appellant's remaining arguments.

## IV.

Appellant's second contention is that the planning commission failed to render appellant proper notice of the contested case proceeding in conformity with the requirements of HRS § 91-9, thereby violating his constitutional right to due process as evidenced by his failure to effectively exercise his rights as a participant at the April 8 hearing. We need respond only briefly to this allegation, as we find no basis for it in the record.

HRS § 91-9(b) (1976 & Supp. 1979), dictating the content of published and mailed notice of hearings on SMA use permit applications in Maui County at the time of Makena Surf's application, *see* Planning Commission Rules 2-11.3.f, .g, required that such notice contain a statement of the following:

    (1) The date, time, place, and nature of hearing;
    (2) The legal authority under which the hearing is to be held;
    (3) The particular sections of the statutes and rules involved;
    (4) An explicit statement in plain language of the issues involved and the facts alleged by the agency in support thereof;

provided, that if the agency is unable to state such issues and facts in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved, and thereafter upon application a bill of particulars shall be furnished;

(5) The fact that any party may retain counsel if he so desires.[9]

Notice of the SMA hearing as originally scheduled for March 11, printed in the Maui News and Honolulu Advertiser, complied with all of HRS § 91-9's requirements for notice in contested cases except that it failed to state that any party could be represented by counsel. The notice sent by Makena Surf to appellant, however, did make this clear and complied in all other respects with § 91-9. Furthermore, appellant was orally advised by planning department and corporation counsel representatives to retain the services of an attorney for the hearing, and was sent a copy of the planning commission rules regarding intervention which made reference to a party's right to be represented by counsel. Thus while the planning commission may have committed a technical statutory violation in its published notices, appellant cannot be heard to complain of harm or injustice caused thereby as he subsequently received ample notice of his right to representation both informally and by notice sent by Makena Surf in full compliance with the statute and rules.

Appellant's charge that his failure to produce witnesses and effectively present his case on April 8 was due to his lack of notice of the contested case proceeding thus amounts to little more than an unfounded attempt inspired by hindsight to attain a second opportunity to block the permit application. While we do not condone the planning commission's behavior in granting appellant intervenor status only at the commencement of the hearing, we must conclude that appellees had consistently treated the matter of Makena Surf's

---

[9] The 1980 Legislature amended subsection 5 of HRS § 91-9(b) to require notice of:

> [t]he fact that any party may retain counsel if he so desires and the fact that an individual may appear on his own behalf, or a member of a partnership may represent the partnership, or an officer or authorized employee of a corporation or trust or association may represent the corporation, trust, or association.

application as a contested case proceeding,[10] and that appellant was fully apprised of his rights as a potential party prior to the hearing. His decision to participate rather than seek an extension of time may not now be rescinded by attributing it to appellees' actions, which were in substantial compliance with the law and cannot be held the cause of appellant's performance. *See Brown v. Sutton,* 356 So.2d 965 (La. 1978). Moreover, "[a]s a general proposition, it is reasonable to expect one with knowledge of notice of an administrative proceeding affecting his rights not to stand by until the day of the hearing and then for the first time assert lack of notice." *Id.* at 972.

## V.

Finally, appellant seeks the voidance of Makena Surf's SMA use permit for the planning commission's failure to open its final deliberations on the permit application and on appellant's motion for reconsideration and petition for declaratory ruling to the public in violation of HRS § 92-3, the planning commission rules and the Maui County Charter. Our study of the pertinent laws[11] leads us to

---

[10] Although the notice published in the Maui News and Honolulu Advertiser on January 28 and February 6, 1980 also characterized the March 11 hearing as a "public hearing," *see* note 2 *supra,* and while the planning commission did receive public testimony at the conclusion of the contested case portion of the hearing, the notices of the "Special Management Area Hearing" quite clearly announced that the hearing would be governed by HAPA and HRS chapter 205A which refer to contested case procedures.

[11] The question of open deliberations in an SMA proceeding requires examination of HRS chapter 205A, chapter 91 and the planning commission rules pertaining to both SMA and general planning commission proceedings, in addition to HRS chapter 92 and the county charter. HRS § 205A-29(a) refers the county authority to chapter 91 in its promulgation of rules governing SMA use permit hearings but is otherwise silent on the manner in which the hearings must be conducted. Article II of the planning commission rules, pertaining specifically to special management areas, likewise refrains from providing any directive on the matter and requires only that the SMA use permit hearing be conducted in accordance with planning commission rules regarding contested cases generally. These rules, found in Article I, Parts III, IV and V, do not dictate the manner in which the planning commission deliberate over the permit subsequent to the hearing. Only Planning Commission Rule 1-6 governing commission meetings generally states that "[e]xcept as provided for by law, all of [the commission's] meetings shall be open to the public. *See* discussion *infra* as to its application to this case.

agree that both the rules and charter were violated, but nevertheless that Makena Surf's SMA use permit must stand.

HRS chapter 92, popularly known as the state's Sunshine Law, was enacted in 1975 on the legislature's belief that "[o]pening up the governmental processes to public scrutiny is the only viable and reasonable method of protecting the public's interest." HRS § 92-1 (1976). The law's blanket mandate is contained in HRS § 92-3 (1976), which requires that "[e]very meeting of all boards . . . be open to the public and all persons . . . be permitted to attend any meeting unless otherwise provided in the constitution or as closed pursuant to sections 92-4 and 92-5."[12]

While neither the state constitution nor HRS §§ 92-4 and 92-5 apply to exempt the planning commission's meetings from the above requirement, HRS § 92-6(a)(2) (1976) renders the statute inapplicable to "adjudicatory functions exercised by a board and governed by sections 91-8 and 91-9, or authorized by other sections of the Hawaii Revised Statutes." The Senate Judiciary Committee, noting that closed deliberations are traditionally used in quasi-judicial proceedings, found no objection in allowing the practice to continue "as [the] availability of procedural safeguards, transcripts, written decisions, and the appellate process, all work to permit adequate public scrutiny as well as insure fairness and required observance of constitutional rights." Senate Stand. Comm. Rep. No. 878, 8th Haw. Leg., 1st Sess., *reprinted in* Senate Journal 1177, 1178 (1975).

As we found above, the adjudicatory functions of the Maui County Planning Commission in issuing or denying SMA use permit requests are governed, *inter alia,* by HRS § 91-9 and HAPA's other provisions. Appellant, however, attempts to analogize the planning commission's adjudicatory functions to those of the state Land Use Commission, to which the open meeting requirement specifically applies, *see* HRS § 92-6(b) (1976), in arguing the inapplicability of HRS § 92-6(a)(2)'s exclusion provision to the commission's closed deliberations. Once again, however, we decline appellant's suggestion that this court assume legislative powers by writing into the statutes what the legislature did not. HRS § 92-6(b) recites that

---

[12] This requirement is made applicable to all political subdivisions of the state by HRS § 92-71 (1976).

deliberations of the Land Use Commission in the exercise of its adjudicatory functions shall be open to the public notwithstanding § 92-6(a)(2)'s exemption of adjudicatory functions in contested cases from the general open-meeting requirement. The provision's legislative history, again naming only the Land Use Commission as its subject, indicates that the provision was not intended to encompass county or other state agencies acting on land matters.[13]

We therefore hold that HRS § 92-6(a) does not apply to the Maui County Planning Commission in its exercise of its adjudicatory functions under the circumstances of this case, and consequently that the commission's closed deliberations on Makena Surf's permit application and on appellant's subsequent motion and petition were permissible under HRS § 92-6(a)(2) despite the open-meeting mandate of HRS § 92-3. This conclusion does not dispose of the matter, however, for we find that the commission's closed meetings nonetheless ran afoul of the planning commission rules and Maui County Charter.

Planning Commission Rule 1-6, applicable to proceedings before the commission generally, requires the commission to open all of its meetings[14] to the public "[e]xcept as provided for by law." We have found no applicable laws either specific or general allowing the planning commission to hold closed deliberations on SMA use permit applications.[15] Planning Commission Rule 1-33, pertaining to

---

[13] Conf. Comm. Rep. No. 34, 8th Haw. Leg., 1st Sess., *reprinted in* House Journal 918 (1975), states as follows:

Attention of your Committee on Conference was brought to H.B. No. 1870, H.D. 1, S.D. 3 which is under contemplation by the legislature and purports to provide reform to Hawaii's Land Use Law. It is the intent of H.B. No. 126, H.D. 1, S.D. 1, C.D. 1 that the proceedings of the Land Use Commission be governed by its open meeting requirements, notwithstanding section 92-6 which provides for the exclusion of adjudicatory functions from open meeting requirements.

*Id.* at 919.

[14] "Meeting" is defined in Planning Commission Rule 1-4.10 as "the convening of the planning commission for which a quorum is required in order to make a decision or to deliberate toward a decision upon a matter over which the planning commission has supervision, control, jurisdiction, or advisory power."

[15] We reject Makena Surf's suggestion that HRS § 92-6(a)(2)'s exemption of adjudicatory function in contested cases from Part I of HRS chapter 92 applies to exclude the planning commission's meeting from Planning Commission Rule 1-6, as §

the commission's reconsideration of its decisions and orders generally, completely omits mention of a hearing on a petition for reconsideration, requiring only that denials and reasons therefor be set forth in writing. Moreover, the Maui County Charter, in § 13-9, has long prohibited boards and commissions from taking any official action "except at a meeting open to the public in accordance with the law." The charter does not provide exceptions to this mandate, nor, again, have we found any in the network of laws affecting SMA use permit application proceedings.[16]

While it thus appears that the planning commission acted in contravention of the charter and its own rules, however, it does not follow that appellant is entitled to the voidance of Makena Surf's SMA use permit. Once again we turn to HRS § 91-14(a),[17] describing the scope of this appeal, and find that appellant has failed to allege or otherwise establish that his substantial rights may have been prejudiced by the commission's closure of its deliberations. Appellant's main argument that the public must be afforded the opportunity to insure that public agency decisions are "above reproach" and not products of "back-room politics," while stating sound policy reasons for sunshine provisions, does not describe how either apply to the planning commission's decision on Makena Surf's application.

---

92-6(a)(2) exempts such functions only from operation of the statute. Moreover, HRS § 92-71 (1976), making HRS chapter 92 applicable to the state's political subdivisions, allows the counties to fashion more stringent requirements "relating to mandating the openness of meetings" by charter, ordinance, or other means which shall supersede the less restrictive statute.

[16] *See* note 9 *supra.*

[17] Article I of the planning commission rules, relating to practice and procedure before the planning commission generally and which includes Rule 1-6, does not provide for relief in the event of a rule violation. Maui County Charter § 13-11 requires the County Council to provide for punishment of charter violations and allows the council to fashion relief for violations of ordinances and rules and regulations having the force of law, provided that no penalty exceed $1,000.00 or one year's imprisonment, or both. Maui County Ordinance No. 717, § 1 (1972), *reprinted in* Maui County Code § 1.12.020 (1980), provides for a penalty of not more than $1,000.00, imprisonment of not more than one year, or both, for intentional violations of duties prescribed by charter or violations of prohibitions provided for therein. Because neither the charter, ordinances nor rules provide for the relief appellant seeks, the provision of HRS § 91-14(a) allowing a reviewing court to reverse agency decisions governs.

On the other hand, the commission's written Findings of Fact, Conclusions of Law, Decision and Order, to which appellant fails to allude in this portion of his argument, reveals a decision reached after proper consideration of the SMA guidelines set forth in HRS § 205A-26 (1976 & Supp. 1981), the state Coastal Zone Management Program objectives and policies contained in HRS § 205A-2 (Supp. 1981), and the planning commission's SMA rules and regulations. *See* Planning Commission Rule 2-11.4.c. In the absence of any allegation of impropriety occurring during the closed deliberations that may have contributed to the commission's decision to the prejudice of appellant, we must sustain the circuit court's order allowing the commission's decision granting Makena Surf's SMA use permit and confine appellant to seeking the appropriate remedies as may be provided by charter or rule.[18]

Affirmed.

*Jonathan D. Waxman (John J. Baker, Todd Boley* and *Isaac Davis Hall* with him on the briefs) for appellant.

*David H. Nakamura (Crockett* and *Nakamura* of counsel) for appellee Makena Surf.

---

[18] *See* note 17 *supra.*