# In re Appeal of Robert and Margaret Fish

[554 A.2d 256]

No. 88-092

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.),**
**Specially Assigned**

Opinion Filed October 14, 1988

*John J. Kennelly* of *Carroll, George & Pratt*, Rutland, for Appellants.

*Richard W. Norton*, Rutland, for Appellees.

**Dooley, J.** Robert and Margaret Fish (appellants) appeal the Rutland Superior Court's dismissal, as untimely filed, of their appeal to that court from an order of the Town of Pittsford Board of Adjustment (the Board). We vacate that order of dismissal and the related approval of appellees' conditional use permit and remand to the Rutland Superior Court for proceedings on the reinstated appeal, consistent with this opinion.

Appellees Richard and Sandra Conway (applicants) applied to the Pittsford Board of Zoning Adjustment for a conditional use permit to construct a used car sales operation and an automobile service facility on their property in Pittsford. At a public hearing August 3, 1987, duly warned under 24 V.S.A. § 4447(a), a number of members of the public, including appellants, testified. The public portion of the hearing concluded at approximately 10:44 p.m., leaving only the members of the Board and the Board's counsel to continue in executive session. The Board recessed the August 3 session to "meet to deliberate the matter," first to August 10 and again to August 21. Notice of each recessed session was posted in the town clerk's office.

On August 19 the Board wrote to applicants advising them that at the last recessed Board meeting the Board required them to submit a landscape plan, and notified them that the Board was meeting on August 21 to take up the application again. On August 21, appellants' attorney hand-delivered a letter to the Board objecting to the scheduling of the August 21 session without the notice specified in 24 V.S.A. § 4447, and requested that the meeting be adjourned with proper notice of a new date.

In view of this lack of notice, the Board decided that the session should be recessed to August 31, and that notice and copies of the landscaping plans be given to all interested parties. At the August 31 session, applicants presented the landscape plan, but as appellants had registered a further objection to the lack of notice that the Board would address the landscape plan on that date, the Board decided to send notice to all persons who had attended the August 3 session that the session would be recessed again to September 4. Appellants' attorney received the letter which constituted notice of the September 4 session. Notice of the recessed session was also posted at the town clerk's office. At the September 4 hearing appellants and other opponents had the opportunity to comment on the landscape plan. Applicants did not object to the various recessed sessions of the hearing.

On October 14 the Board issued its findings of fact, conclusions of law, and order denying the application for the used car lot and granting the application for the automobile repair facility subject to conditions. Appellants filed an otherwise timely appeal of this order to Rutland Superior Court.

The superior court granted applicants' motion to dismiss the appeal on the basis that the August 3 session had been the "final public hearing" on the conditional use permit, and that as the Board had not acted within the 60-day limit imposed by 24 V.S.A. § 4407(2), appellants were out of time. Moreover, the court ruled that the entire conditional use permit should be deemed to have been approved by operation of law as provided in § 4407(2).

Appellants make three arguments: that the applicants waived any objection to the irregularity of the September 4 hearing by appearing with counsel and failing to object; that the applicants are barred from collaterally attacking the October 14 decision of the Board in the proceeding at bar, since they failed to appeal that October 14 decision; and that the appeal to the court should

be considered timely if measured from the issuance of the permit by operation of law on October 2.

However, we need not reach these arguments, because we hold that the permit did not issue by operation of 24 V.S.A. § 4407(2) and the August 3 hearing was not the final public hearing. Rather, the 60 days provided in 24 V.S.A. § 4407(2) is counted from the closure of the recessed hearing on the application on September 4.

The relevant part of § 4407(2) provides: "The board of adjustment shall act to approve or disapprove any such requested conditional use within sixty days after the date of the final public hearing held under this section, and failure to so act within such period shall be deemed approval." The trial court's holding — and the applicants' argument in this Court — is that the final public hearing occurred on August 3, 1987 and not on September 4, 1987 because the latter hearing was not properly warned pursuant to 24 V.S.A. § 4447.* We disagree with this construction of § 4407(2).

The statute authorizing approval of conditional use permits by operation of law for failure to meet time standards is "intended to remedy indecision and protracted deliberations on the part of zoning boards and to eliminate deliberate or negligent inaction by public officials." *In re Grace Bldg. Co.*, 42 Pa. Commw. 589, 593, 401 A.2d 407, 408 (1979) (based on similar Pennsylvania statutory scheme). Because the application of the statute can result in granting of permits that are wholly inconsistent with the zoning regulations of a municipality to the detriment of surrounding landowners, we must be careful to use it only where its application is clearly consistent with statutory intent. See *City of Rutland* v. *McDonald's Corp.*, 146 Vt. 324, 330, 503 A.2d 1138, 1142 (1985); *Stump* v. *West Manchester Township Zoning Hearing Board*, 102 Pa. Commw. 444, 449, 518 A.2d 889, 891 (1986) (court will not invoke "deemed approval sanction" when "its applicability is not perfectly clear"); *Kozub* v. *Opt'hof*, 180 N.J. Super. 482, 487-91, 435 A.2d 845, 848-50 (1981) (remedy should be applied with caution).

---

* In reaching this decision, we expressly reserve whether the public notice requirements of § 4447(a) apply to an adjourned hearing. See 24 V.S.A. § 4467; see also *Chang* v. *Planning Comm'n of County of Maui*, 64 Haw. 431, 440, 643 P.2d 55, 61 (1982) (public notice of an adjourned session not required).

The essence of applicants' argument is that defects in the warning made the September 4, 1987 hearing not a "public hearing" for purposes of § 4407(2). The flaw in this argument is that it extends the statutory approval remedy to technical defects in the notice provided in a case where the applicants undeniably had notice of the September 4 hearing and participated. Further, it extends the remedy to the applicants even though the persons who might be injured by the lack of notice do not include the applicants. Clearly, the application of the statutory approval remedy in such a fashion would go far beyond the intent of the Legislature. Indeed it would give a windfall to the applicants because other persons — who are more likely to be opponents than supporters — did not obtain proper notice.

We prefer a more common sense interpretation of "public hearing." We hold that a public hearing occurs for purposes of the statutory approval provision of § 4407(2) if: (1) the hearing is open to the public, (2) the applicant receives notice of the hearing, (3) the board offers an opportunity for interested persons to be heard on the issues before it. See 24 V.S.A. § 4467 (zoning board of adjustment hearings must be "open to the public"); *Milton Commons Assoc.* v. *Board of Appeals*, 14 Mass. App. Ct. 111, 114-15, 436 N.E.2d 1236, 1238-39 (1982) (definition of "hearing" under a similar statutory scheme). In this case, the hearing of September 4, 1987 meets this test. Accordingly, the trial court erred in holding that the permit was provided to applicants by operation of law, and that the appeal was untimely.

*Vacated and remanded for proceedings consistent with this opinion.*