STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Environmental Division Unit | ENVIRONMENTAL DIVISION<br>Docket No. 124-10-15 Vtec |

| | |
|---|---|
| Oosterman Boundary Line Adj. Deemed Approval | DECISION ON MOTION |

This action arises from an application filed by Terry and Donna Oosterman (Applicants) to reconfigure three existing lots into two lots in the Town of Ferrisburgh, Vermont (the Town). Applicants submitted the application in May 2015, and the Town Planning Commission did not reach a determination on the application. Applicants appealed the lack of decision to this Court.

Pending before the Court is Applicants' motion for summary judgment asking this Court to find Applicants' application approved as a matter of law under a legal doctrine commonly referred to as "deemed approval." Applicants argue that they are entitled to the remedy of deemed approval under 24 V.S.A. § 4464(b)(1) because the Planning Commission failed to issue an opinion within 45 days of the close of the evidence on their application. The Town did not file in response to the motion. Applicants are represented by James C. Foley, Jr., Esq. The Town is represented by James F. Carroll, Esq.

**Factual Background**

For the purpose of putting the pending motion into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1.      Applicants own three lots on Greenbush Road in Ferrisburgh, Vermont.

2.      The three lots are as follows:

   a.   Lot 1 is 10.1 acres and is undeveloped;

   b.   Lot 2 is 2.62 acres and is undeveloped; and

   c.   Lots 3 is 13± acres and is developed with a house.

3.      Applicants filed an application with the Ferrisburgh Planning Commission to reconfigure their three lots into two lots as follows:

   a.   New Lot A is 4.02 acres containing a driveway and RV parking area; and

   b.   New Lot B is 21.66 acres developed with a house.

4.      Applicants filed their application in May 2015.

5.      The Planning Commission held hearings in July and August of 2015.

6.      In September 2015, the Town Zoning Administrator notified Applicants that the Planning Commission was not deciding the application.

7.      On October 22, 2015, Applicants initiated this action with the Court.

## Discussion

Applicants assert in their motion for summary judgment that they are entitled to have their application deemed approved pursuant to 24 V.S.A. § 4464(b)(1). In support of their motion, Applicants argue that there is sufficient undisputed evidence to establish that the Town Planning Commission failed to issue a decision within 45 days after the adjournment of the hearing on their application.

**I.      Summary Judgment Standard**

The Court will grant summary judgment to a moving party only if that party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2).  We will "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and we will give the non-moving party the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.

**II.      Deemed Approval**

The deemed approval remedy for an application before an appropriate municipal panel is established by 24 V.S.A. § 4464(b)(1), which states in relevant part:

> The appropriate municipal panel may recess the proceedings on any application pending submission of additional information. The panel should close the evidence promptly after all parties have submitted the requested information. The panel shall adjourn the hearing and issue a decision within 45 days after the adjournment of the hearing, and failure of the panel to issue a decision within this period shall be deemed approval and shall be effective on the 46th day.

In interpreting and applying this statutory provision we are required to apply the plain meaning of the statutory language in order to give effect to the Legislature's intent.  State v. O'Neill, 165 Vt. 270, 275 (1996).

The Vermont Supreme Court has taken a conservative approach in applying the deemed approval remedy and has "refused to apply the statute in a 'wooden fashion,' [but has instead]

reserved it for cases where it clearly implements the statutory purpose." In re McEwing Servs., LLC, 2004 VT 53, ¶ 21, 177 Vt. 38 (quoting In re Newton Enters., 167 Vt. 459, 465 (1998)). The statutory purpose of deemed approval is to "remedy indecision and protracted deliberations on the part of zoning boards and to eliminate deliberate or negligent inaction by public officials." In re Fish, 150 Vt. 462, 464 (1988). In determining whether application of deemed approval is appropriate "[w]e must balance this purpose against the paramount obligation to protect the safety and general welfare of the public." Newton Enters., 167 Vt. at 465.

Applicants offer that they are entitled to this remedy because the Planning Commission failed to issue a decision within 45 days of the August 2015 hearing. The Town did not file a response to Applicants' motion. Based upon the undisputed material facts before the Court we conclude that the Planning Commission failed to issue a decision within 45 days of the August 2015 hearing. We therefore conclude that Applicants boundary line adjustment application is deemed approved.

**Conclusion**

For the reasons detailed above, we find that material facts are not in dispute and that Applicants have shown that they are entitled to judgment as a matter of law on the sole issue presented in this action. We therefore **GRANT** Applicants' motion for summary judgment. Applicants' application to reconfigure lot lines resulting in two lots with new Lot A being 4.02 acres and new Lot B being 21.66 acres is therefore **DEEMED APPROVED**.

Within 180 days of this decision, Applicants shall file a final Mylar consistent with this decision with the Planning Commission for the Planning Commission's signature. The Mylar shall then be promptly recorded in the Town's land records.

A Judgment Order accompanies this Merits Decision. This concludes the matter before the Court.


Electronically signed on April 13, 2016 at 02:26 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division