STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| | Docket No. 152-11-17 Vtec |

Williams NOV

## Decision on Motions

The present appeal is of a notice of violation ("NOV") issued by the Town of Poultney ("Town") to Robert B. Williams regarding his property located on Ivy Lane in Poultney, Vermont. The NOV alleges that Mr. Williams deposited more than 14 cubic yards of fill on this property in a calendar year without a permit, in violation of Town of Poultney Zoning Bylaws ("Bylaws") § 1424.

The Town of Poultney Zoning Administrator ("Zoning Administrator") issued the NOV to Mr. Williams on June 26, 2017. Mr. Williams appealed the NOV to the Town Development Review Board ("DRB") on July 7, 2017. After a public hearing on August 30, 2017, the DRB upheld the NOV on October 11, 2017. Mr. Williams timely appealed that decision to this Court. Presently before the Court are Mr. Williams and Keith and Linda Michels' (together "the Michels"), neighboring property owners, cross-motions for summary judgment.

Mr. Williams is self-represented. The Michels are represented by David G. Carpenter, Esq. and Melissa Kate Thomas, Esq. The Town is represented by Neal C. Vreeland, Esq.[1]

## Legal Standard

Pursuant to V.R.C.P. 56(a), the Court will grant summary judgment to a party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). In determining whether there is any dispute over a material fact, "we accept as true [all] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted). When considering cross-motions for summary judgment, the

---

[1] The Town maintains a limited appearance in this matter, though Attorney Vreeland did file a response in opposition to Mr. Williams' motion for summary judgment on behalf of the Town.

Court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332.

## Factual Background

We recite the following facts for the purpose of deciding the pending motions for summary judgment. Our recitation here summarizes the facts that we have deemed undisputed and material to the legal issues raised by the parties in their respective motions, but should not be mistaken for factual findings, which cannot occur until after the Court conducts a trial. Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000).

1. Mr. Williams owns property located on Ivy Lane in Poultney, Vermont ("the Property"). The Property contains approximately 0.21 acres.

2. The Michels own property which abuts the Property.

3. At some point in the fall of 2016, Mr. Williams permitted contractors to deposit several hundred cubic yards of fill onto the Property. Some of this fill, though it is disputed exactly how much, spilled onto the Michels' property. Mr. Williams has removed some of this fill, though the Michels assert that some amount of fill still remains on their property.

4. On June 26, 2017, the Zoning Administrator issued a NOV to Mr. Williams for depositing fill in excess of 14 cubic yards within a calendar year without a permit, in violation of Bylaws § 1424.

5. On June 29, 2017, Mr. Williams submitted an after the fact permit application for, in part, the Fall 2016 fill deposit.

6. On July 7, 2017, Mr. Williams appealed the NOV to the DRB.

7. On July 29, 2017, the Zoning Administrator signed and returned the after the fact permit application to Mr. Williams as denied. The Zoning Administrator listed that the application was incomplete as it lacked an erosion control plan and that it was denied pending Mr. Williams' appeal of the NOV to the DRB.

8. Mr. Williams received a notice of hearing regarding his appeal of the NOV on August 7, 2017. The hearing was scheduled for August 16, 2017, but was recessed to August 30, 2017, as Mr. Williams could not attend the original date. Both a hearing and a site visit were held at that time. Mr. Williams and Mrs. Michels were in attendance.

2

9.      On October 11, 2017, the DRB issued a decision upholding the NOV.  It also noted that, with respect to the after the fact permit application, the action on that application "was deferred pending a hearing on the [NOV] appeal."  Decision at p. 1, ¶¶ 2—3.  The DRB subsequently denied the after the fact permit application.  Id. at p. 3, ¶ 9.

10.     Mr. Williams filed a timely appeal of the decision to this Court.

## Discussion

Both parties move for complete judgment on the matter before the Court.  Mr. Williams presents essentially three arguments as to why he is entitled to summary judgment.[2]  First, he asserts that his June 29, 2017 after the fact permit application was "deemed approved" pursuant to 24 V.S.A. § 4448(d).  Second, he asserts that his due process rights were violated when the Town allegedly issued an untimely notice of hearing concerning his NOV appeal.  Third, he asserts the affirmative defense of selective enforcement by the Town of the Bylaws.

The Michels assert that it is undisputed that Mr. Williams violated the Bylaws when he deposited several hundred cubic yards of fill without a permit, that his after the fact permit application was denied, and, as such, the NOV was properly issued and upheld.

We begin by addressing the Mr. Williams' procedural arguments, then turn to issues regarding his affirmative defense of selective enforcement.

**I.      Whether Mr. Williams' June 29, 2017 permit application was deemed approved.**

If the appropriate administrative officer "fails to act with regard to a complete application for a permit within 30 days, whether by issuing a decision or by making a referral to the appropriate municipal panel, a permit shall be deemed issued on the 31st day."  24 V.S.A. § 4448(d).

The Vermont Supreme Court has determined that the purpose of the deemed approved remedy is "'to curtail indecision and protracted deliberations in the zoning decision-making process and to constitute a final decision to provide a mechanism for any interested party to

---

[2] Mr. Williams also obliquely raises a fourth argument as to why he is entitled to judgment: that he has voluntarily removed the fill from both the Property and the Michels' property and, as such, no violation exists.  To the extent he raises this argument, we first note that the Michels dispute whether all of the fill has been removed from their property.  Second, the alleged curative actions are immaterial to whether or not Mr. Williams deposited fill in violation of the Bylaws in the first instance.  While the Court believes voluntary remediation of alleged zoning violations is always a wise action, such remedial actions do not cause the allegation of a zoning violation to automatically evaporate.

appeal the decision.'" In re Trahan, 2008 VT 90, ¶ 12, 184 Vt. 262 (quoting Wesco, Inc. v. City of Montpelier, 169 Vt. 520, 526—27 (1999)). "Given the possible consequences of granting permits inconsistent with the zoning requirements, 'we must be careful to use [the deemed-approval remedy] only where its application is clearly consistent with statutory intent.'" Id., (quoting In re Fish, 150 Vt. 462, 464 (1988)).

For the reasons stated below, we conclude that the deemed-approval remedy is inappropriate in the present action.

First, the representations and applicable Bylaw provision now before us support the Zoning Administrator's conclusion that Mr. Williams' application was not complete. On the application, signed and returned to Mr. Williams on July 29, 2017, the Zoning Administrator noted that the application itself was incomplete as Mr. Williams failed to submit an erosion control plan. To the extent that Mr. Williams wished to challenge that determination by the Zoning Administrator, he could only do so by appealing the Administrator's July 29, 2017 determination. When he failed to do so, that determination became final. See 24 V.S.A. § 4472(d). Mr. Williams's reliance upon the deemed approval remedy referenced in 24 V.S.A. § 4448(d) is misplaced because that statutory provision specifically states that it only applies to a "complete application."

Further, this is not the kind of situation in which there was indecision or protracted deliberations on the part of the Town. While a final decision was not issued on the application until October 11, 2017, the Zoning Administrator noted, within the 30-day window, that the application was both incomplete and deferred for consideration pending the conclusion of Mr. Williams appeal of the NOV.[3] We therefore conclude that it would be inappropriate to apply the deemed approval remedy in the present matter.

---

[3] We note that Mr. Williams appears to assert that the Town did not "act" within the 30-day period. However, on July 29, 2017, the thirtieth day of the statutory window, the Zoning Administrator noted on the application that he returned to Mr. Williams that it was both incomplete and deferred pending Mr. Williams' appeal of the NOV. Mr. Williams appears to not dispute the fact that these actions were taken, but instead to assert that because the DRB decision was issued more than 30 days after the application was submitted, it was deemed approved. Having reached the above conclusion that the Zoning Administrator timely responded to the application by noting that it was incomplete, we conclude that the statutory requirements of § 4448(d) concerning timely decisions was met.

For these reasons, we conclude that Mr. Williams after the fact permit application was not approved by operation of law.

## II.    Whether the Town's untimely notice voids the NOV.

Bylaws § 1614(F) states that the DRB must provide notice of hearings of the appeals it hears, "and shall mail to the appellant a copy of such notice at least fifteen [15] days prior to the hearing date." Bylaws § 1614(F).

It is uncontested that Mr. Williams received notice of a hearing regarding his appeal of the NOV on August 7, 2017 and that the hearing was originally set for August 16, 2017. The August 16, 2017 hearing was then moved to August 30, 2017, at Mr. Williams request. Mr. Williams now argues that the August 7, 2017 notice was inadequate and a due process violation. He appears to assert that this results in the invalidation of DRB's decision to uphold the NOV.

The requirements of § 1614(F) somewhat mirror those found in 24 V.S.A. §§ 4464(a)(1) and (2). These statutory provisions set forth the proper procedure for the warning of public hearings in the instances of various types of development review. However, the statute also states that:

> No defect in the form or substance of any requirements in [§ 4464(a)(1)—(2)] shall invalidate the action of the appropriate municipal panel where reasonable efforts are made to provide adequate posting and notice. However, the action shall be invalid when the defective posting or notice was materially misleading in content.

24 V.S.A § 4464(a)(5).

This statutory directive is helpful to us in determining whether a defect in a municipal notice of public hearing would result in the invalidation of actions taken at the hearing. Here, the Town provided a 9-day notice to Mr. Williams. However, because Mr. Williams could not attend the noticed hearing, the DRB postponed the meeting to August 30, which was 23 days after the original hearing notice. There is no allegation that the content of the notice provided was misleading. We therefore can find no reason to invalidate the DRB's decision to uphold the NOV due to this minor procedural defect in notice, which was cured by the DRB when it postponed the hearing by 14 additional days.

## III.    Whether the Town is guilty of selective enforcement.

In order to succeed in a claim of selective enforcement, the proponent must meet a two-part test by showing that: "(1) the person, compared with others similarly situated, was

5

selectively treated; and (2) . . . such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person. In re Letourneau, 168 Vt. 539, 549 (1998) (quoting in part Crowley v. Courville, 76 F.3d 47, 52–53 (2d Cir. 1996); (other citations omitted).

Mr. Williams asserts that the present NOV is a result of selective enforcement. He asserts that he is the only landowner in the Town to receive a NOV pursuant to this provision of the Bylaws despite other alleged violations. He further asserts that this treatment is in response to his and other landowner's attempts to rewrite this Bylaw provision. Both the Michels and the Town dispute his claims.

Since there are material facts in dispute regarding this claim with respect to both prongs of the two-part test, we must decline to grant summary judgment to any party.

### Conclusion

For these foregoing reasons, we conclude that Mr. Williams' June 29, 2017 after the fact permit application was not deemed approved and, therefore, has no bearing on the present NOV appeal. We further conclude that the untimely notice of public hearing is not grounds for invalidating the NOV. Finally, we conclude that there are material facts in dispute regarding Mr. Williams' allegations of selective enforcement by the Town.

For these reasons, we **DENY** Mr. Williams' motion for summary judgment. Having reached this conclusion, we also **DENY** the Michels' motion for summary judgment as there are material facts in dispute regarding Mr. Williams' affirmative defense of selective enforcement.[4]

Electronically signed on January 09, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

---

[4] To the extent that the Michels move for summary judgment on the issue of whether the after the fact permit was deemed approved, their motion is **GRANTED** for the same reasons as set forth above.