STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| Town of Calais, | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Docket No. 142-6-06 Vtec |
| | } | |
| Barbara Noordsij, | } | |
| Defendant. | } | |
| | } | |

Decision and Order on Cross-Motions for Partial Summary Judgment
(as altered July 23, 2007 (originally issued April 4, 2007))

The Town of Calais brought an enforcement action against Defendant Barbara Noordsij, asserting violations of the conditions of her zoning permit for the construction of a barn. Defendant filed certain defenses in a purported counterclaim. The Town is represented by Joseph McLean, Esq.; Defendant is represented by David Blythe, Esq. Both parties have moved for partial summary judgment. The following facts are undisputed unless otherwise noted.

Defendant owns property at 8598 County Road in the Town of Calais, which is improved with a single-family house and a detached garage with an attached shed. This location is south of the Maple Corner Village zoning district. In August of 2005, Defendant applied for a zoning permit to construct a 20' x 30' barn on her property, oriented diagonally to the road. The permit application included a sketch showing the nearest corner of the barn to be 48 feet from the centerline of County Road. The Zoning Administrator issued the zoning permit authorizing the construction of the barn as shown on the application.

1

The parties do not dispute that the setback actually required under the Calais Land Use and Development Regulations (Regulations) for Defendant's property is 65 feet. Regulations, Table 2.2(E). The Regulations state that the setback is 40 feet,[1] except along the right-of-way of three specific roadways, including "State Aid Highway #1 [County Road] southerly of the Maple Corner Village District." Regulations, Table 2.2(E).

In mid-December of 2005 the Zoning Administrator noticed construction equipment on Defendant's property. When she checked her records to determine whether a zoning permit had been issued for the property, she realized that she had made a mistake in the permit regarding the required setback. When she measured the setback to the barn, the actual measurement was 41½ feet from the corner of the barn to the centerline of County Road.

The Zoning Administrator advised Defendant of the problem on December 20, 2005; on December 21, 2005 the Zoning Administrator again checked the site and found that construction had continued. She proceeded to issue a Notice of Violation on December 21, 2005, citing as the violation that the barn was constructed within the 65' setback as well as that it was constructed 6.6 feet[2] closer to the centerline of County Road than the 48 feet specified on the permit application.

Defendant filed a timely appeal of the Notice of Violation with the DRB, and also requested a variance for the as-built location of the barn. The DRB concluded that, under

---

[1] Defendant asserts that she believed that the required setback was 40 feet. While in the enforcement action the parties may dispute whether this belief was reasonable or should affect any penalties that may be sought in the enforcement action, her state of mind or belief is not material to the motions now before the Court.

[2] This may have been intended to refer to 6 feet, 6 inches (6' 6") rather than 6.6 feet, as the DRB decision refers to the construction of the barn 41.5' (that is, 41½ feet) from the centerline as opposed to the required 48 feet.

the doctrine of estoppel, "the town is barred from enforcing the 65' setback requirement" with respect to Defendant's barn, and stated that, "[f]or the purposes of this decision the DRB will consider that Ms. Noordsij's barn is subject to a 40' setback requirement." On the other hand, the DRB upheld the portion of the NOV addressing Defendant's construction of the barn in a location different from the location that she represented in her permit application. The DRB also ruled that the barn did not meet the criteria for a variance, and therefore denied the request for a variance.

In its decision, the DRB also suggested that, given the circumstances of this matter, "the issuance of an 'as built' permit . . . would seem to be in order." Neither Defendant nor the Town appealed the DRB decision. Instead, on March 2, 2006, Defendant's attorney wrote to the Zoning Administrator requesting that "in your capacity as Zoning Administrator you issue an 'as built' approval of the barn structure."

On March 9, 2006, the Zoning Administrator sent Defendant's attorney an email, stating that she had received his "letter of March 2, 2006 regarding Barbara Noordsij's Zoning Permit" and informing him that she needed to do some research on the matter, that she would be out of town until "almost April" due to the illness of a family member, and that she would "make every effort to come to a decision by the end of April." On May 2, 2006, followed by a letter dated May 4, 2006, the Town's attorney advised Defendant's attorney that the Town intended to commence an enforcement action; the letter offered to discuss "any proposal that your client may have" to bring the property into compliance.

The parties do not dispute that Defendant held a valid permit to construct the barn with a 48-foot setback; the Town does not claim that the setback should be 65 feet. That is, as of the issuance of the permit, Defendant was authorized to construct the barn with a 48-foot setback, due to the terms of the permit. It would have been a permitted but nonconforming structure, because it was "improperly authorized as a result of error by the

3

administrative officer." 24 V.S.A. §4303(14). Any future changes to it should have been treated under §3.8(B) of the Regulations pertaining to the expansion or alteration of noncomplying structures. In Calais, while the Zoning Administrator is not herself authorized to approve an enlargement of a noncomplying structure, such as this one, that would increase the degree of noncompliance, §3.8(B)(3), such an application may be made to the DRB under §3.8(B)(4). Under that section, the DRB may approve an expansion of a noncomplying structure, if it finds that the application meets the standards for conditional use review under §5.3 as well as finding that the expansion "will have no adverse effect on the public health, safety or welfare."

Finality of Unappealed DRB Decision

The Town first argues that, since Defendant did not appeal the DRB's decision upholding the Notice of Violation and denying the variance, she cannot now claim to have a valid permit as a defense. 24 V.S.A. §4472(d). On the one hand, the Town is correct that Defendant cannot now claim that she did not violate the 48-foot setback approved in her original permit. The courts strictly construe the "broad and unmistakable language of [§4472(d)] to prevent *any* kind of collateral attack on a zoning decision that has not been properly appealed . . . ." In re Ashline, 175 Vt. 203, 207 (2003), 2003 VT 30 at ¶ 8, quoting City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 588–89 (2000) (mem.) (brackets and emphasis in original).

On the other hand, that failure to appeal does not prevent Defendant from now seeking approval of the as-built location. Defendant is free to file a new application with the DRB under §3.8(B)(4) to bring the property into compliance in the way suggested by

4

the DRB in its decision,[3] as contrasted with the injunctive relief sought by the Town in the present enforcement action. In re Newton Enterprises, 167 Vt. 459, 462–63 (1998).

In any event, even if such a permit were in effect (whether deemed to be issued, as Defendant argues, or whether approved by the DRB in future proceedings under §3.8(B)(4)), although it might preclude the injunctive relief (to move or modify the structure) sought in the Town's enforcement action, it would not be a defense to monetary penalties for that violation.

## Deemed Approval

Defendant argues that, since the Zoning Administrator did not respond to her attorney's March 2, 2006 letter (requesting the Zoning Administrator "in [her] capacity as Zoning Administrator" to issue as-built approval of the barn) by either approving or denying the request, Defendant is entitled to a "deemed issued" permit pursuant to 24 V.S.A. §4448(d). That section provides that if a zoning administrator fails to act "with regard to a complete application for a permit within 30 days, whether by issuing a decision or by making a referral to the DRB, the permit is "deemed issued on the 31st day."

However, as Defendant never submitted a "complete application" for the amended permit in the as-built location, the deemed-issuance provisions of 24 V.S.A. §4448(d) were never triggered. In order for a zoning permit to be deemed to be issued under 24 V.S.A. §4448(d), the applicant must first have filed a "complete application." All that was filed in the present case was a letter requesting that the Zoning Administrator "in [her] capacity as Zoning Administrator," issue an as-built approval of the barn structure.

First and most importantly, the Zoning Administrator did not have authority "in

---

[3] The DRB's decision stated that "[g]iven these circumstances the issuance of an 'as built' permit for Ms. Noorsij's barn would seem to be in order."

5

[her] capacity as Zoning Administrator," to issue an as-built approval of the barn. Rather, that authority, if it exists, is with the DRB under the specific requirements of §3.8(B)(4) of the Regulations. Moreover, the March 2, 2006 letter failed completely to meet the application requirements of §1.6(A) of the Regulations. Even if treated as an application for a permitted use within the jurisdiction of the Zoning Administrator, the letter was not submitted on the required forms, was not accompanied by the application fee, and did not contain the required information. In particular, the letter did not contain the required plan that "accurately depicts" the "location, footprint, and height of existing and proposed structures and additions." Regulations, §1.6(A)(1). Further, as the proposed amendment likely required conditional use approval by the DRB under §3.8(B)(4), the letter also failed to include an application "prepared and submitted in accordance with Section 5.2" as required by §1.6(A)(2).

While the March 2, 2006 letter did request the Zoning Administrator to let Defendant's attorney know if she "need[ed] anything different or additional to act on this request," her email in response just a week later, explaining that she would be out of town and that she would need to research the request, was sufficiently responsive to that offer; the subsequent delay did not constitute "deliberate or negligent inaction" on the part of the Zoning Administrator. See In re McEwing Services, LLC, 177 Vt. 38, 46 (2004), 2004 VT 53, ¶21, citing In re Fish, 150 Vt. 462, 464 (1988). Deemed approval did not occur.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion for Summary Judgment is GRANTED and Defendant's Motion for Summary Judgment is DENIED, as follows:

As Defendant failed to appeal the DRB's decision upholding the Notice of Violation, she cannot contest that her failure to construct the barn in the location approved in her original permit was a violation.

6

As the March 2, 2006 letter was not a complete application for an amended as-built permit within the Zoning Administrator's "capacity as Zoning Administrator," her delay in acting on the request in that letter did not result in any deemed issuance of the requested approval. Defendant's "counterclaim" is therefore DISMISSED.

However, Defendant remains entitled to submit an application to the DRB for approval of the as-built location of the barn. The Court notes that even if that application is approved, it will not be a defense as to monetary penalties for the period of violation.

As contemplated by the final paragraph of the April 4, 2007 decision, Defendant has submitted an application for as-built approval of the barn under §3.8(B)(4); and this enforcement case has been placed in inactive status until that application is ruled on.

Done at Berlin, Vermont, this 23rd day of July, 2007.

_____
Merideth Wright
Environmental Judge

7