**Electronically Filed
Supreme Court
SCWC-16-0000568
16-JUN-2020
08:06 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

IN RE OFFICE OF INFORMATION PRACTICES
OPINION LETTER NO. F16-01

_____

SCWC-16-0000568

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-16-0000568; S.P. NO. 15-1-0097(1))

JUNE 16, 2020

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY McKENNA, J.

## I.    Introduction

This case stems from self-represented litigant James R. Smith's ("Smith") December 4, 2015 "Complaint to Initiate Special Proceeding" (sometimes referred to as "Complaint") filed in the Circuit Court of the Second Circuit ("circuit court").[1] On June 16, 2016, the circuit court granted the Office of Information Practices ("OIP")'s motion for judgment on the pleadings, concluding that (1) it did not have jurisdiction to

_____

[1]    The Honorable Rhonda I.L. Loo presided.

hear Smith's "appeal," and (2) Smith's remedies lie in Hawaii Revised Statutes ("HRS") § 92-12 (Supp. 2012).

On appeal from the circuit court's dismissal of Smith's Complaint, the Intermediate Court of Appeals ("ICA") affirmed. In re Office of Info. Practices Op. Letter No. F16-01, CAAP-16-0000568 (App. May 31, 2019) (SDO). The ICA agreed with the circuit court that it lacked appellate jurisdiction and that Smith's remedy falls under HRS § 92-12(c). The ICA also stated that Smith's only procedural remedy would be to bring an original action against the Maui County Council ("MCC"), and not the OIP.

On July 29, 2019, Smith filed an application for writ of certiorari ("application") from the ICA's July 2, 2019 judgment on appeal. In his application, Smith states three questions:

> 1. Did the ICA gravely err when it affirmed [the circuit court's] order and judgment at issue in this special proceeding, absent a material fact upon which to base its conclusions of law[?]
> 2. Does allegation of harm and threat of harm to statutory right[s] established at HRS [§§] 92-2.5 and HRS 92-12 provide standing and jurisdiction of [the circuit court] to adjudicate the appeal and to vacate the [OIP] Opinion should it find that such action [is] just; in a special proceeding prosecuted by this private citizen in its capacity of private attorney general[?]
> 3. Does the ambiguity created by definition of "person" in HRS [§] 92-1 and "individual" in HRS [§] 92F-3 . . . lead to absurdit[ies] presented [by the] ICA's affirmation of [the circuit court's] orders, in conflict with HRS [§] 1-15(3) that states in pertinent part "every construction which leads to an absurdity shall be rejected"?

(Capitalization altered and quotation marks added.)

2

We restate Smith's questions on certiorari as follows:

> 1.    Did the ICA err in affirming the circuit court's judgment based on lack of appellate jurisdiction?
>
> 2.    Can an individual name OIP as a party in a lawsuit brought under HRS § 92-12(c) seeking circuit court review of an OIP Sunshine Law opinion?

With respect to the first restated question, the issue is whether Smith's "Complaint" is a permissible original Sunshine Law[2] lawsuit under HRS § 92-12(c)[3] or is an impermissible Uniform

---

[2]    As stated in Chang v. Planning Comm'n of Maui Cty., 64 Haw. 431, 456, 643 P.2d 55, 63 (1982):

> HRS chapter 92, popularly known as the state's Sunshine Law, was enacted in 1975 on the legislature's belief that "(o)pening up the governmental processes to public scrutiny is the only viable and reasonable method of protecting the public's interest." HRS [§] 92-1 (1976). The law's blanket mandate is contained in HRS [§] 92-3 (1976), which requires that "(e)very meeting of all boards . . . be open to the public and all persons . . . be permitted to attend any meeting unless otherwise provided in the constitution or as closed pursuant to sections 92-4 and 92-5.

[3]    HRS § 92-12 provides:

> (a)    The attorney general and the prosecuting attorney shall enforce this part.
>
> (b)    The circuit courts of the State shall have jurisdiction to enforce the provisions of this part by injunction or other appropriate remedy.
>
> (c)    Any person may commence a suit in the circuit court of the circuit in which a prohibited act occurs for the purpose of requiring compliance with or preventing violations of this part or to determine the applicability of this part to discussions or decisions of the public body. The court may order payment of reasonable attorney's fees and costs to the prevailing party in a suit brought under this section.
>
> (d)    Opinions and rulings of the office of information practices shall be admissible in an action brought under this part and shall be considered as precedent unless found to be palpably erroneous.

(continued . . .)

Information Practices Act ("UIPA") HRS § 92F-43 (Supp. 2012) appeal.  In this regard, we have stated that "[p]leadings prepared by pro se litigants should be interpreted liberally," Dupree v. Hiraga, 121 Hawai'i 297, 314, 219 P.3d 1084, 1101 (2009), and that "Hawai'i courts and agencies [should] not construe pro se filings in a manner that leads to a decision that does not promote access to justice."  Waltrip v. T.S. Enters., Inc., 140 Hawai'i 226, 241, 398 P.3d 815, 830 (2016).

Although Smith at times refers to his Complaint as an HRS § 92F-43 appeal, it is also entitled "Complaint to Initiate Special Proceedings," and contains numerous references to HRS Chapter 92, the Sunshine Law at issue in the OIP Opinion. Hence, the circuit court should have construed Smith's Complaint as an original action under HRS § 92-12(c) seeking declaratory relief.  See County of Kaua'i v. Office of Information Practices

_____

(. . . continued)

> (e)    The proceedings for review shall not stay the enforcement of any agency decisions; but the reviewing court may order a stay if the following criteria have been met:
>
>> (1)   There is likelihood that the party bringing the action will prevail on the merits;
>>
>> (2)   Irreparable damage will result if a stay is not ordered;
>>
>> (3)   No irreparable damage to the public will result from the stay order; and
>>
>> (4)   Public interest will be served by the stay order.

4

(Kaua'i v. OIP), 120 Hawai'i 34, 43-44, 200 P.3d 403, 412-13 (App. 2009) (holding that pursuant to HRS § 92-12(c), "any person" can bring suit in circuit court "to determine the applicability of [Part I of Chapter 92] to the discussions or decisions of the [Kaua'i] Council").

We also hold that the ICA erred by ruling that Smith was not permitted to name OIP as a defendant.

Finally, we conclude that the "palpably erroneous" standard, and not the "de novo" standard, applies to a review of OIP opinions pursuant to an HRS § 92-12(c) lawsuit.

We therefore vacate the ICA's July 2, 2019 judgment on appeal and the circuit court's July 15, 2016 final judgment, and we remand this matter to the circuit court for further proceedings consistent with this opinion.

## II. Background

### A. OIP Opinion Letter No. F16-01

On February 21, 2015, Smith filed a complaint with the OIP alleging that the MCC violated the Sunshine Law provisions of HRS §§ 92-2.5(e)[4] and 92-7.[5]  Smith claimed that HRS § 92-2.5(e)

---

[4]     HRS § 92-2.5(e) provides:

> Two or more members of a board, but less than the number of members which would constitute a quorum for the board, may attend an informational meeting or presentation on matters relating to official board business, including a meeting of another entity, legislative hearing, convention, seminar, or community meeting; provided that the meeting or

(continued . . .)

5

was violated when, together with the mayor, three of nine MCC members attended and participated in a February 19, 2013 community meeting in Kula, Maui.  The community meeting was hosted by the Kula Community Association ("KCA"), a non-profit corporation, and it was open to the public.  Smith contended that HRS § 92-7 was also violated because MCC did not properly notice its report concerning the community meeting at its March 1, 2013 meeting.

OIP opened a file entitled "S Appeal 13-1."  On July 24, 2015, the OIP issued Opinion Letter No. F16-01 ("OIP Opinion"),

---

(. . . continued)

    presentation is not specifically and exclusively organized for or directed toward members of the board.  The board members in attendance may participate in discussions, including discussions among themselves; provided that the discussions occur during and as part of the informational meeting or presentation; and provided further that no commitment relating to a vote on the matter is made or sought.

    At the next duly noticed meeting of the board, the board members shall report their attendance and the matters presented and discussed that related to official board business at the informational meeting or presentation.

(Emphasis added.)

5    HRS § 92-7(a) is the relevant section, which provides:

    The board shall give written public notice of any regular, special, or rescheduled meeting, or any executive meeting when anticipated in advance.  The notice shall include an agenda which lists all of the items to be considered at the forthcoming meeting, the date, time, and place of the meeting, and in the case of an executive meeting the purpose shall be stated.  The means specified by this section shall be the only means required for giving notice under this part notwithstanding any law to the contrary.

pursuant to HRS § 92-1.5.[6] OIP opined that the actions of the council members and the mayor: (1) were permitted under HRS § 92-2.5(e) (2012) because fewer council members than would have constituted a quorum had attended the meeting, and because the council members had reported their attendance and the matters presented at the KCA meeting at the next council meeting on March 1, 2013, and (2) had complied with the notice requirements in HRS § 92-7(a) (2012) because the council members' report was listed on the council's March 1, 2013 meeting agenda.[7]

B.    Circuit court proceedings

On December 4, 2015, Smith, continuing to proceed pro se, filed a document entitled "Complaint to Initiate Special Proceeding" in the circuit court. Although entitled a "complaint," it also indicated in the caption that it was an "HRS 92F-43 Appeal." The "Complaint" started with the statement

_____

[6]    HRS § 92-1.5 provides:

> The director of the office of information practices shall administer this part. The director shall establish procedures for filing and responding to complaints filed by any person concerning the failure of any board to comply with this part. An agency may not appeal a decision by the office of information practices made under this chapter, except as provided in section 92F-43. The director of the office of information practices shall submit an annual report of these complaints along with final resolution of complaints, and other statistical data to the legislature, no later than twenty days prior to the convening of each regular session.

[7]    The merits of the OIP Opinion were not before the circuit court or the ICA due to the dismissal of Smith's circuit court Complaint, and, for the same reason, are also not before this court.

"Complainant pro se, James R. Smith, pursuant to [HRS] Section 92-12(b); HRS 92F-43 and Chapter 2-73 Hawaii Administrative Rules[8] (HAR) and for this Complaint alleges the following . . . ."

The Complaint then follows with sections entitled "Jurisdiction," "Venue," and "Substantive Allegation," and "Prayer for Relief."  Within the "Jurisdiction" section, Smith cited to the following sections of HRS Chapter 92, the Sunshine Law at issue in his original complaint with the OIP:  HRS § 92-1 (1975),[9] 92-1.5,[10] and 92-6.[11]  The "Jurisdiction" section also

---

[8]     HAR Chapter 2-73 is titled "Agency Procedures and Fees for Processing Government Record Requests."

[9]     HRS § 92-1 provides:

> In a democracy, the people are vested with the ultimate decision-making power.  Governmental agencies exist to aid the people in the formation and conduct of public policy.  Opening up the governmental processes to public scrutiny and participation is the only viable and reasonable method of protecting the public's interest.  Therefore, the legislature declares that it is the policy of this State that the formation and conduct of public policy - the discussions, deliberations, decisions, and action of governmental agencies - shall be conducted as openly as possible.  To implement this policy the legislature declares that:
>
>> (1)   It is the intent of this part to protect the people's right to know;
>>
>> (2)   The provisions requiring open meetings shall be liberally construed; and
>>
>> (3)   The provisions providing for exceptions to the open meeting requirements shall be strictly construed against closed meetings.

[10]    See supra note 6.

refers to the following sections of the UIPA, HRS Chapter 92F:

HRS §§ 92F-3 (1988)[12] and 92F-27 (2012).[13]

OIP then filed a Hawai'i Rules of Civil Procedure ("HRCP")

Rule 12(c) (2004)[14] motion for judgment on the pleadings, arguing

---

(. . . continued)

[11] Smith's complaint actually refers to a non-existent "HRS § 92.6." Construing his pro se pleading liberally, Dupree, 121 Hawai'i at 314, 219 P.3d at 1101, we construe that Smith is referring to HRS § 92-6, which indicates that HRS Chapter 92 does not apply to the judiciary or to agency adjudicatory functions, including those exercised by certain enumerated boards and commissions, but does apply to require open deliberation of adjudicatory functions of the land use commission. We construe that Smith seeks an inference that, accordingly, Chapter 92 applies to MCC.

[12] HRS § 92F-3 provides definitions applicable to Chapter 92F, which is not at issue here. The statute specifically includes MCC within its definition of "agency," and it also includes the following definitions, which are relevant to part of our analysis below:

> "Government record" means information maintained by an agency in written, auditory, visual, electronic, or other physical form.
>
> "Individual" means a natural person.
>
> "Person" means an individual, corporation, government, or governmental subdivision or agency, business trust, estate, trust, partnership, association, or any other legal entity.
>
> "Personal record" means any item, collection, or grouping of information about an individual that is maintained by an agency. It includes, but is not limited to, the individual's education, financial, medical, or employment history, or items that contain or make reference to the individual's name, identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph.

[13] HRS § 92F-27(a) provides:

> An individual may bring a civil action against an agency in a circuit court of the State whenever an agency fails to comply with any provision of this part, and after appropriate administrative remedies under sections 92F-23, 92F-24, and 92F-25 have been exhausted.

[14] HRCP 12(c) provides:

(continued . . .)

that (1) HRS §§ 92F-27 and 92F-43, which are part of the UIPA, do not authorize individuals to appeal OIP Sunshine Law opinions to the circuit court, and (2) HRS § 92-12, which is part of the Sunshine Law, does not authorize members of the public to appeal OIP Sunshine Law opinions; rather, HRS § 92-12 allows individuals to bring actions in the circuit court against state or county boards or commissions that may have violated the Sunshine Law, but not against OIP solely on the basis that OIP is the agency charged with administering the Sunshine Law.

Soon after OIP filed its motion for judgment on the pleadings, Smith filed a motion and an amended motion asking the circuit court to transmit three questions to this court:

> 1.    Whether the circuit court "ha[s] jurisdiction to act upon a motion to transmit to the Hawaii Supreme Court a question of law when a motion for dismissal for want of jurisdiction is pending before it?"
>
> 2.    Whether "the Circuit Court [may] reverse an OIP Opinion alleged to facilitate conduct not in compliance with provisions of the Hawaii Sunshine Law at issue?"

---

(. . . continued)

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Even if this was an appeal from the OIP decision, the HRCP would still have applied pursuant to HRCP Rule 81(e) (2006).  Thus, OIP's motion for judgment on the pleadings could not be deemed to concede that Smith's Complaint was an original "complaint" under HRCP Rule 8 (2000).

> 3. Whether "HRS 92 and HRS 92F, as administered by OIP, prohibit initiation of a special proceeding to challenge an OIP Opinion by a private individual?"

Smith requested that the circuit court "proceed under the parameters set for appeal at HRS [§] 92F-43,"[15] entitled "Agency appeal of a decision by the office of information practices[.]"

On June 16, 2016, the circuit court granted OIP's motion for judgment on the pleadings on the ground that it lacked jurisdiction over Smith's complaint, ruling:

> 1. Sections 92F-27 and 92F-43, Hawai['])i Revised Statutes (HRS) do not authorize individuals to appeal OIP opinions relating solely to chapter 92, HRS, or to otherwise sue the OIP for alleged HRS chapter 92, part 1, violations by Hawai'i state or county agencies.
>
> 2. Appellant's remedy lies in section 92-12, HRS.[16]

Final judgment was entered on July 15, 2016.

---

[15] HRS § 92F-43, is a provision within UIPA that states in relevant part:

> (a) An agency may not appeal a decision by the office of information practices made under this chapter or part I of chapter 92, except as provided in this section. Within thirty days of the date of the decision, an agency may seek judicial review of a final decision rendered by the office of information practices under this chapter or part I of chapter 92, by filing a complaint to initiate a special proceeding in the circuit court of the judicial circuit in the State where:
>
>> (1) The request for access to a record was made;
>>
>> (2) The act the office determined was prohibited under part I of chapter 92 occurred; or
>>
>> (3) The agency's principal place of business is located.

[16] On June 16, 2016, the circuit court also dismissed as moot Smith's motion and an amended motion to transmit the three questions to this court.

**C.   Appeal to the ICA**

On August 15, 2016, Smith appealed the circuit court's final judgment to the ICA.[17]

Civil Beat Law Center for the Public Interest ("the Law Center") filed an amicus curiae brief with the ICA, maintaining that "[i]t violates the spirit and [the ICA's] prior interpretation of the Sunshine Law to deny the public the right to judicial review of OIP opinions."  Specifically, the Law Center pointed out that the ICA had previously held in Kaua'i v. OIP, 120 Hawai'i 34, 43-44, 200 P.3d 403, 412-13 that "any person" could bring suit in circuit court "to determine the applicability of [Part I of Chapter 92] to the discussions or decisions of the [Kaua'i] Council.  The statute places no restrictions on who may bring an action under the statute, and no restrictions may be created . . . ."  The Law Center argued that the legislature's 2012 addition of HRS § 92F-43,[18] titled "Agency appeal of decision by the office of information

---

[17]    Smith raised numerous points of error on appeal.  Those that continue to be directly or indirectly relevant to the issues addressed on certiorari are:  (1) the circuit court erred in granting the motion for judgment on the pleadings; (2) the circuit court's grant of the motion for judgment on the pleadings was reached without requiring nor finding false, material facts alleged in this complaint; (3) the circuit court erred when it granted the motion for judgment on pleadings having reason to know material facts remain in controversy; (4) the circuit court erred when it failed to apply the required standard of review in its judgment; and (5) the circuit court erred when it failed to issue finding of fact and conclusions of law in its final judgment.

[18]    See supra note 15.

protection," did not affect Smith's ability to appeal the OIP Opinion pursuant to HRS § 92-12,[19] as HRS § 92F-43 applies only to agencies.  The Law Center also cited HRS § 92-1.5, which states, "[a]n agency may not appeal a decision by the office of information practices made under this chapter, except as provided in section 92F-43."  (Emphasis added.)  In other words, according to the Law Center, "the Legislature did not extinguish the right of 'any person' to directly appeal an OIP opinion as recognized in [Kaua'i v. OIP].  It only set special limits on the right of agencies to appeal OIP decisions."

In its SDO, the ICA rejected each of the statutory bases for circuit court appellate jurisdiction cited by Smith and the Law Center.  In re OIP, SDO at 8.  The ICA construed Smith's argument to be that OIP's Opinion violated HRS Chapter 92 because "OIP's Opinion misinterprets HRS § 92-1.5 (2012) and HRS § 92F-27 (Supp. 2014)[,]" and that since OIP misinterprets the statutes, OIP, as an agency, can be subject to a civil suit pursuant to HRS § 92F-27.  In re OIP, SDO at 4.  The ICA reviewed the plain language of HRS § 92F-27, and concluded that the enforcement mechanism in HRS § 92F-27 as explicitly self-limited to part III of HRS chapter 92F, the UIPA, that governs disclosure of personal records, HRS § 92F-27 can only be used to seek judicial review of agency actions related to the disclosure

_____
[19]     See supra note 3.

13

of such records.  In re OIP, SDO at 4.  The ICA ruled that because Smith's complaint solely concerns the disclosures of records and notices related to public meetings held and/or attended by members of the Maui County Council under HRS chapter 92, Smith could not raise a claim under HRS chapter 92F part III.  Id.  As such, the ICA concluded that the circuit court did not err when it found as a matter of law that HRS § 92F-27 does not authorize individuals to appeal OIP opinions relating solely to HRS chapter 92 or to otherwise sue OIP for alleged HRS chapter 92, part I violations by Hawai'i state or county agencies.  In re OIP, SDO at 4-5.

The ICA also concluded that HRS § 92F-43 does not authorize individuals to appeal OIP opinions relating solely to HRS Chapter 92 and does not authorize an individual to sue the OIP for alleged HRS chapter 92, part 1, violations by Hawai'i state or county agencies.  In re OIP, SDO at 5.  Rather, the ICA ruled the statute "only confers standing on agencies, as defined in HRS § 92F-43, to challenge OIP decisions."  Id.  The ICA ruled that because "Smith is an individual, HRS § 92F-43 does not confer any standing on [him] to appeal or directly challenge an opinion issued by OIP."  Id.

With respect to HRS § 92-12, the ICA concluded that "[j]ust as an appeal of a circuit court decision does not name the circuit court as a party when it alleges the circuit court erred

14

in interpreting and applying a particular law, but instead names the party against whom enforcement is proper," the appropriate party against whom to bring a suit pursuant to HRS § 92-12 is "the agency that followed the OIP opinion in alleged violation of the Sunshine Law and against whom the Sunshine Law will eventually be enforced."  In re OIP, SDO at 8.  The ICA added that HRS § 92-12 "does not confer jurisdiction on the circuit court to order OIP to render a new decision, only to rule a decision non-precedential if palpably erroneous."  Id.  The ICA characterized the HRS § 92-12 procedure as the "mechanism" by which Smith could "seek direct review of an OIP opinion."  In re OIP, SDO at 7.

Lastly, in a footnote, the ICA distinguished Kaua'i v. OIP by stating that although HRS § 92-12 permits "any person" to bring suit, the proper defendant and subject of the suit, i.e., the "prohibited act," is delineated in HRS § 92-12(c), and therefore does not include OIP or its opinions.  In re OIP, SDO at 6-7 n.3.

Based on the foregoing, the ICA affirmed the circuit court.[20]  In re OIP, SDO at 8-9.

_____

[20]    Specifically, the ICA affirmed the circuit court's (1) "Final Judgment" entered on July 15, 2016; (2) "Order Granting Respondent [OIP's] Motion for Judgment on the Pleadings, Filed on February 8, 2016," filed on June 16, 2016; and (3) "Order Dismissing Appellant . . . Smith's (1) Motion to Transmit to the Hawaii Supreme Court Certified and Reserved Questions of Law, Filed on February 23, 2016; and (2) Motion to Transmit to the Hawaii Supreme
(continued . . .)

## C.    Application for writ of certiorari

We construe Smith's application to present the following questions:

> 1.    Did the ICA err in affirming the circuit court's judgment on the pleadings?
>
> 2.    Can an individual seek circuit court review of an OIP Sunshine Law opinion under HRS § 92-12?

The Law Center also filed an amicus brief with this court, presenting the following question:

> Is a member of the public entitled to de novo judicial review of an adverse OIP decision pursuant to HRS § 92-12(c) "for the purpose of requiring compliance with or preventing violations of [the Sunshine Law?]"

The Law Center provides greater detail of the legislative history of the Sunshine Law than it did in its amicus brief before the ICA.  It again argues that HRS § 92-12 provides "any person" a right to review of an OIP Opinion as stated in Kaua'i v. OIP, and that the legislature's enactment of HRS § 92F-43, which limits an agency's right to appeal an OIP decision, does not affect an individual's right to appeal.  Therefore, the Law Center argues that "the public is entitled to de novo judicial review of adverse OIP decisions," as opposed to a "palpably erroneous" standard of review under HRS § 92-12 or HRS § 91-14. The Law Center alleges that requiring OIP opinions be precedent

---

(. . . continued)
Court Certified and Reserved Questions of Law, as Amended, Filed on February 24, 2016," filed on June 16, 2016.  In re OIP, SDO at 8-9.

16

unless palpably erroneous makes the opinion "analogous to binding arbitration for Sunshine Law appeals," and bars the public "from any de novo judicial review of an adverse OIP decision."

In its response to the Application, OIP asserts there is no inconsistency with Kaua'i v. OIP, as the ICA had explained why that case is distinguishable from this one.

In its response to the Law Center's amicus brief, OIP emphasizes that its opinions are purely advisory and "cannot be used to force an agency to comply" with either the Sunshine Law or the UIPA. Because of this fact, OIP argues that the public is entitled to seek "direct recourse" against the "offending agenc[y]" instead of OIP as: (1) no relief is granted by seeking an appeal of an OIP opinion, and (2) it would be contrary to judicial economy to have two separate lawsuits "when one lawsuit would suffice to address the alleged wrongdoing by the agency." With respect to Kaua'i v. OIP, OIP points out that the facts in that case differed, as the County of Kaua'i had filed suit for declaratory relief to protect the release of its minutes, contrary to a decision by OIP. OIP argues that the legislature carved out "different paths to relief" for government agencies and the public, and that a suit against the offending agency is the "most efficient and expeditious means of affording relief to the public or agency violations of the Sunshine Law[.]"

### III. Standards of Review

**A. Jurisdiction**

"[T]he existence of jurisdiction is a question of law that [is] review[ed] de novo under the right/wrong standard." Captain Andy's Sailing, Inc. v. Dep't of Land & Natural Res., 113 Hawai'i 184, 192, 150 P.3d 833, 841 (2006) (internal quotation marks, brackets, and citation omitted).

**B. Interpretation of a statute**

"The interpretation of a statute is a question of law reviewable de novo." Ka Pa'akai O Ka'aina v. Land Use Comm'n, 94 Hawai'i 31, 41, 7 P.3d 1068, 1078 (2000) (quoting Amantiad v. Odum, 90 Hawai'i 152, 160, 977 P.2d 160, 168 (1999)).

**C. Judgment on the pleadings**

This court reviews a circuit court's order granting a motion for judgment on the pleadings de novo. See Hawai'i Med. Ass'n v. Hawai'i Med. Serv. Ass'n, Inc., 113 Hawai'i 77, 91, 148 P.3d 1179, 1193 (2006) (citing Ruf v. Honolulu Police Dep't, 89 Hawai'i 315, 319, 972 P.2d 1081, 1085 (1999)).

> In a motion for judgment on the pleadings under HRCP Rule 12(c), the movant must clearly establish that no material issue of fact remains to be resolved and that [they are] entitled to judgment as a matter of law. In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.
>
> Our task on appeal is to determine whether the circuit court's order supports its conclusion that the movant is entitled to judgment as a matter of law and, by implication, that it appears beyond a doubt that the [nonmoving party]

18

> can prove no set of facts in support of [its] claim that
> would entitle it to relief under any alternative theory.

Ruf, 89 Hawai'i at 319, 972 P.2d at 1085 (internal citations,
quotation marks, and alterations omitted).

## D.  Pleadings of pro se litigants

Pleadings prepared by pro se litigants should be
interpreted liberally, Dupree, 121 Hawai'i at 314, 219 P.3d at
1101, and Hawai'i courts and agencies should not construe pro se
filings in a manner that leads to a decision that does not
promote access to justice.  Waltrip, 140 Hawai'i at 241, 398 P.3d
at 830.  A court's application of these principles is reviewed
under an abuse of discretion standard.

## IV.  Discussion

Smith argues that the ICA erred when it affirmed the
circuit court's judgment on the pleadings in favor of OIP, which
dismissed his Complaint on the grounds that the circuit court
lacked subject matter jurisdiction over his appeal.  We agree,
but not for the reasons Smith argues.  "The right to appeal [an
administrative decision] is purely statutory and exists only
when jurisdiction is given by some constitutional or statutory
provision."  Lingle v. Hawai'i Gov't. Employees Ass'n, 107
Hawai'i 178, 184, 111 P.3d 587, 593 (2005) (citations omitted).
Thus, the circuit court did not have subject matter jurisdiction

over Smith's Complaint, if the circuit court construed the Complaint to be an appeal.

Rather, based on Smith's status as a pro se litigant, and the relevant pleading standards, the circuit court should have construed the Complaint as an original action seeking declaratory relief, as clearly permitted by HRS § 92-12(c) and Kaua'i v. OIP.

**A.    The circuit court should have construed Smith's Complaint as an original lawsuit seeking declaratory relief pursuant to HRS § 92-12(c) instead of an HRS § 92F-43 appeal**

This court has stated that "an order granting an HRCP Rule 12(c) motion for judgment on the pleadings must be based solely on the contents of the pleadings." Baehr v. Lewin, 74 Hawai'i 530, 546, 852 P.2d 44, 53, reconsideration granted in part and denied in part, 74 Hawai'i 650, 875 P.2d 225 (1993) (citation omitted).

> Ultimately, our task on appeal is to determine whether the circuit court's order . . . supports its conclusion that [the defendant] is entitled to judgment as a matter of law and, by implication, that it appears beyond [a] doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief under any alternative theory.

Hawai'i Med. Ass'n., 113 Hawai'i at 91, 148 P.3d at 1193 (citations omitted).  We have also stated that "[p]leadings prepared by pro se litigants should be interpreted liberally," Hiraga, 121 Hawai'i at 314, 219 P.3d at 1101, and that "Hawai'i courts and agencies [should] not construe pro se filings in a

20

manner that leads to a decision that does not promote access to justice." Waltrip, 140 Hawai'i at 241, 398 P.3d at 830.

Although Smith's "Complaint" stated in its caption that it was an "HRS 92F-43 Appeal," it was entitled "Complaint to Initiate Special Proceeding." With respect to HRS § 92F-43, the ICA accurately noted that the statute applies only to an agency's appeal of a decision by OIP.[21] See In re OIP, SDO at 5. But the "Complaint" also started with the statement "Complainant pro se, James R. Smith, pursuant to [HRS] Section 92-12(b) . . . alleges the following . . . ." In the "Jurisdiction" section, Smith cited to several sections of HRS Chapter 92, the Sunshine Law at issue in his original complaint with the OIP.

Although Smith did not specifically cite to HRS § 92-12(c), he did cite to HRS Chapter 92. Smith's Complaint raises two issues related to HRS Chapter 92, (1) whether the Sunshine Law allowed three members of the Maui County Council to attend a KCA community meeting, and (2) whether the councilmembers' subsequent report, required by HRS § 92-2.5(e), was properly noticed under the Sunshine Law. The procedural history cited within Smith's Complaint made it clear he was contesting the OIP Opinion regarding Chapter 92, the Sunshine Law. Thus, although Smith did not specifically refer to HRS § 92-12(c), based on applicable "notice pleading" standards, Bank of America, N.A., v.

---

[21]   See supra note 15.

Reyes-Toledo, 143 Hawai'i 249, 262, 428 P.3d 761, 774 (2018), OIP was clearly on notice that Smith sought a declaration regarding its Sunshine Law Opinion. Smith was entitled to seek declaratory relief pursuant to HRS § 92-12, which states, in relevant part:

> (a) The attorney general and the prosecuting attorney shall enforce this part.
>
> (b) The circuit courts of the State shall have jurisdiction to enforce the provisions of this part by injunction or other appropriate remedy.
>
> (c) Any person may commence a suit in the circuit court of the circuit in which a prohibited act occurs for the purpose of requiring compliance with or preventing violations of this part or to determine the applicability of this part to discussions or decisions of the public body. The court may order payment of reasonable attorney's fees and costs to the prevailing party in a suit brought under this section.
>
> (d) Opinions and rulings of the office of information practices shall be admissible in an action brought under this part and shall be considered as precedent unless found to be palpably erroneous.

(Emphasis added.) Thus, by its plain language, HRS § 92-12(c) contemplates and authorizes original actions relating to the Sunshine Law, as it states "[a]ny person may commence a suit."

This case is somewhat analogous to Kaua'i v. OIP. In that case, OIP had issued an opinion letter in response to a "complaint" filed by Michael Ching ("Ching"), an individual, in which OIP concluded that the Kaua'i County Council ("Council") was required to disclose certain meeting minutes to comply with the Sunshine Law. See Kaua'i v. OIP, 120 Hawai'i at 37–38, 200

22

P.3d at 406-07.  After OIP issued its opinion, Ching requested a copy of the minutes from the Council.  Instead of providing Ching with the minutes, the Council sought reconsideration, which was denied.  OIP then sent a letter demanding that the Council release the minutes.  The County[22] then filed a "Complaint for Declaratory Relief" against OIP, asking the circuit court to declare the OIP opinion invalid.  120 Hawai'i at 38, 200 P.3d at 407.

Thus, at issue before the ICA in Kaua'i v. OIP was whether HRS § 92-12 granted the circuit court jurisdiction over the County's complaint.  Among other things, OIP had argued that "[a]lthough fashioned as a complaint in an original action, the Council's action is clearly, in substance, an appeal of OIP's May 20 administrative decision[.]"  120 Hawai'i at 43, 200 P.3d at 412 (internal quotation marks omitted).  The ICA did not, however, find merit in OIP's characterization of the County's complaint as an "appeal," stating that "HRS § 92-12[] does not set out an appeal procedure and, in fact, expressly permits an original action in the circuit court" by "any person," including the County.  120 Hawai'i at 44, 200 P.3d at 413 (emphasis added).

The ICA's reasoning in Kaua'i v. OIP is sound.  The plain language of HRS § 92-12 does not set out an appeal procedure but

---

[22]     The Council was also a named plaintiff.

permits an original action to be "commence[d]" by "any person" in the circuit court "of the circuit in which a prohibited act occurs" for Sunshine Law determinations.

Moreover, in OIP's motion for judgment on the pleadings, although it argued that a complaint naming OIP as a defendant was improper,[23] OIP conceded that HRS § 92-12 allows individuals to bring original declaratory actions in the circuit court. Here, Smith's "Complaint to Initiate Special Proceeding" should have been treated as an original action. Thus, even though Smith was apparently under the mistaken impression that he could appeal the OIP Opinion pursuant to HRS §§ 92-1.5 and 92F-43,[24] the circuit court should have exercised its discretion to construe Smith's pro se pleading as an HRS § 92-12(c) lawsuit seeking declaratory relief, and not as an HRS § 92F-43 appeal.

At bottom, HRS § 92-12 conferred jurisdiction to the circuit court over Smith's Complaint.

**B. The ICA also erred in stating that OIP could not be named as a defendant**

As noted earlier, in a footnote in its SDO, the ICA stated that although HRS § 92-12 permits "any person" to bring suit, the proper defendant and subject of the suit, i.e., the "prohibited act," is delineated in HRS § 92-12(c), and therefore

---

[23]   This point is discussed in Section IV.B, infra.

[24]   See notes 15, supra.

does not include OIP or its opinions. In re OIP, SDO at 7-8 n.3. This appears to contradict its 2009 Kaua'i v. OIP opinion, in which OIP was named as a defendant. The ICA distinguished Smith's case by concluding that the proper defendant and subject of a suit brought under HRS § 92-12(c) is limited to the agency that committed the at-issue "prohibited act[s]." As such, the ICA concluded that OIP could not be named a defendant in actions brought pursuant to HRS § 92-12. In re OIP, SDO at 7-8 n.3. The ICA supported its inference by observing that because HRS § 92-12(d) provides that OIP "[o]pinions and rulings . . . shall be admissible in an action brought under this part and shall be considered as precedent unless found to be palpably erroneous," that any enforcement action taken against an offending agency is independent of any OIP review or opinion on the matter. In re OIP, SDO at 6-7.

OIP is not, however, precluded from being named in an HRS § 92-12(c) lawsuit simply because its opinions and rulings are admissible as precedent. This court has held that "where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." State v. Woodfall, 120 Hawai'i 387, 391, 206 P.3d 841, 845 (2009) (quoting Carlisle v. One (1) Boat, 119 Hawai'i 245, 256, 195 P.3d 1177, 1188 (2008)). Here, the ICA ignored the plain language of HRS § 92-12(c): "Any person may commence a suit in the circuit court

25

of the circuit in which a prohibited act occurs for the purpose of requiring compliance with or preventing violations of this part or to determine the applicability of this part to discussions or decisions of the public body."  HRS § 92-12(c). The phrase "in which a prohibited act occurs" simply refers to the proper venue of the action and does not limit the substance or nature of the action or the party against whom the action may be brought.  Moreover, the only limitation to an action brought pursuant to HRS § 92-12(c) is that the "purpose" of the suit be to: "[1] requir[e] compliance with or [2] prevent[] violations of this part or [3] to determine the applicability of this part to discussions or decisions of the public body."  HRS § 92-12(c) (emphases added).  Therefore, HRS § 92-12(c) does not prevent "any person" from bringing a suit against OIP regarding one of its decisions.  The statute merely requires that a prohibited act allegedly occur, and that the suit meet one of the three enumerated purposes.

Additionally, depending on the circumstances, a suit against OIP regarding one of its decisions could meet any of the three HRS § 92-12(c) purposes.  OIP was established to "[s]erve initially as the agency which will coordinate and ensure implementation of the new records law," and "[i]n the long run . . . provide a place where the public can get assistance on record questions at no cost and within a reasonable amount of

time." Hse. Conf. Comm. Rep. No. 112-88, in 1988 House Journal, at 818-19; S. Conf. Comm. Rep. No. 235, in 1988 Senate Journal, at 691. Essentially, OIP would "ensur[e] that a direct right of appeal to the courts [would] exist at all times," and "become an optional avenue of recourse which will increasingly prove its value to the citizens of this State as the law is implemented." Hse. Conf. Comm. Rep. No. 112-88, in 1988 House Journal, at 818-19; S. Conf. Comm. Rep. No. 235, in 1988 Senate Journal, at 691.

Therefore, as to the first and second purposes, a situation could occur in which OIP allegedly violates its duties and purpose and the circuit court must then "requir[e] compliance with or prevent[] violations of [the Sunshine Law]." As to the third purpose, OIP could act in a way that would require the circuit court "to determine the applicability of [the Sunshine Law] to discussions or decisions of [OIP]." Since the plain language of the statute permits "any person to commence a suit in the circuit court," the circuit court must have jurisdiction to review OIP's actions and decisions as long as the requirements of HRS § 92-12(c) are met.

Permitting original actions against OIP, a government agency, is consistent with the legislature's intent to promote transparency and the public's involvement regarding government agencies. The purpose of the Sunshine Law "was to provide that discussion, deliberations, decisions, and actions of

governmental agencies should be conducted as openly as possible and not in secret." Hse. Stand. Comm. Rep. No. 889, in 1985 House Journal, at 1424. Additionally, the Sunshine Law was amended to include HRS § 92-12(c) to "provide[] relief to citizens denied their rights under this Chapter by allowing them to pursue their claims directly in the Courts," Hse. Stand. Comm. Rep. No. 745, in 1985 House Journal, at 1349, and "to authorize and set standards for the initiation of a suit in court for any violation." S. Stand. Comm. Rep. No. 36, in 1985 Senate Journal, at 867. The legislature did not set a standard for appealing OIP's opinions, but instead specifically allowed and set standards for individuals to bring an original action against a governmental agency pursuant to HRS § 92-12(c).

As such, original actions may be brought against OIP under HRS § 92-12.

### C. OIP opinions are admissible in an action brought pursuant to HRS § 92-12 as precedent unless found to be palpably erroneous

The Law Center maintains in its amicus brief that "HRS § 92-12(c) authorizes a post-decision challenge against the government board, not OIP, reviewed under a de novo standard, not the palpably erroneous standard applicable when an agency appeals OIP decisions." We address this issue because the applicable standard will be relevant on remand.

The Law Center is correct the circuit court reviews <u>de novo</u> a suit brought pursuant to HRS § 92-12.  Although the Law Center implies that the palpably erroneous standard is only applicable to <u>an agency's appeal of OIP decisions</u>,[25] the plain language of HRS § 92-12(d) states that "[o]pinions and rulings of the office of information practices <u>shall be admissible</u> . . . and <u>shall be considered as precedent unless found to be palpably erroneous</u>." (Emphasis added.)

The Law Center contends that the palpably erroneous standard "makes OIP's rulings virtually unreviewable."  We disagree.  "[O]ur precedents . . . make clear that we are not bound to acquiesce in OIP's interpretation when it is 'palpably erroneous.'"  <u>Peer News LLC v. City and Cty. of Honolulu</u>, 143 Hawai'i 472, 485, 431 P.3d 1245, 1258 (2018) (citations omitted).  The "palpably erroneous" standard is established by statute.  "The OIP is the agency charged with the responsibility of administering the Sunshine Law.  As such, its opinions are entitled to deference so long as they are consistent with the legislative intent of the statute and are not palpably erroneous."  <u>Kanahele v. Mau'i County Council</u>, 130

---

[25]     HRS § 92F-43 provides that, when an agency appeals an OIP decision, "[t]he circuit court shall uphold a decision of the office of information practices, unless the circuit court concludes that <u>the decision was palpably erroneous</u>."  (Emphasis added.)

Hawai'i 228, 245, 307 P.3d 1174, 1192 (2013) (internal citations omitted).

Thus, the ICA was correct when it considered the plain language of the statute and held that "any relevant OIP opinions shall be admissible and considered as precedent unless found by the circuit court to be palpably erroneous."  In re OIP, SDO at 7.

## V. Conclusion

For the foregoing reasons, we vacate the ICA's July 2, 2019 judgment on appeal as well as the circuit court's July 15, 2016 final judgment and we remand this matter to the circuit court for further proceedings consistent with this opinion.

| | |
|---|---|
| James R. Smith, petitioner, pro se | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Patricia T. Ohara, and Stella M.L. Kam, for respondent | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| Robert Brian Black, for amicus curiae | /s/ Michael D. Wilson |

